IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRITTANY ELIZABETH DEAN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DANA DEAN, et al.,**<br><br>**Defendants.** | Case No. 24-4008-JWB |

## MEMORANDUM AND ORDER

This matter is before the court on the magistrate judge's order to show cause why this case should not be dismissed for failure to state a claim (Doc. 17), Plaintiff's amended complaint (Doc. 19), Plaintiff's response to the show cause order (Doc. 20), and Plaintiff's motion for review of a state court eviction proceeding. (Doc. 22). The court determines that Plaintiff's amended complaint supersedes her original complaint that was subject to the show cause order, but that her amended complaint should still be dismissed.

When a party is granted leave to proceed in forma pauperis, § 1915(e)(2) permits the court to screen the party's complaint. The court must dismiss the case if it determines the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

A review of Plaintiff's amended complaint reveals a rather impassioned assertion of a multitude of mostly state and federal crimes related to allegations of abuse along with malfeasance by government actors. While the court takes such allegations seriously, federal courts are courts of limited jurisdiction and lack the authority to police every conceivable assertion of misconduct. More specific to this case, private citizens lack the authority to bring civil actions to prosecute crimes. Thus it appears that the only discernable claim that might be appropriate for the court to consider from the amended complaint is one for violation of Plaintiff's rights under 42 U.S.C. § 1983. Broadly construing Plaintiff's pro se pleadings, it appears she is bringing claims under § 1983 for having to face her alleged abuser in court and for a state court granting custody of her children to their fathers. (Doc 19 at 3–5.) Unfortunately, much of the amended complaint is illegible due to overlapping text. Plaintiff fails to identify actions by individual actors, and she also fails to identify what constitutional rights were violated. She thus fails to state a claim. *See Robbins*, 519 F.3d at 1249–50 (10th Cir. 2008) (noting it is "particularly important" in § 1983 cases "that the complaint make clear exactly who is alleged to have done what to whom"). The court therefore dismisses the amended complaint for failure to state a claim. The court further dismisses Plaintiff's motion to review a state-court eviction proceeding because district courts generally do not have jurisdiction to review state court decisions. *Escalante v. Escalante*, No. 23-2491-JWB, 2024 WL 382548, at *3 (D. Kan. Jan. 31, 2024).

This action is dismissed. Plaintiff's motion for review (Doc. 22) is also denied.

IT IS SO ORDERED.

Dated: May 8, 2024                    /s/John W. Broomes
                                                                      JOHN W. BROOMES
                                                                      UNITED STATES DISTRICT JUDGE